IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAUDE McGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-083-GPM |
| | ) |
| ALAN UCHTMAN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

In 2004, the State of Illinois brought suit against John Wilson, doing business as University Legal Services, LLC, for the unlawful practice of law within Illinois. *People v. Wilson*, Case No. 04-CH-33 (11th Judicial Circuit, Logan County, Ill., filed April 29, 2004). Wilson solicited a large portion of his business from unsuspecting inmates, inmates who believed that they were retaining counsel to assist with their post-conviction motions. On May 7, 2004, the State entered into a stipulated preliminary injunction with Wilson, in which Wilson agreed to cease his unlawful practices. In furtherance of that agreement, the Illinois Department of Corrections apparently adopted a policy whereby inmates were prohibited from sending any outgoing mail to Wilson. All incoming mail from Wilson was screened, and inmates could only receive that mail if it contained records from their underlying criminal conviction for which they had sought post-conviction representation from Wilson. This policy was posted at Menard by Warden Uchtman in May 2004, and this decision is what gives rise to the instant action.

Plaintiff Claude McGee, currently an inmate in the Pontiac Correctional Center, was one of

many inmates who sought representation from Wilson. He states that in March 2004 his mother advanced $750 to Wilson as a retainer, and he sent numerous records to Wilson. He asserts that by prohibiting him from contacting Wilson, Uchtman interfered with his attempts to challenge his conviction. For these perceived injustices, Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks actual damages of $750 and punitive damages of $100,000, and he presents five different claims as basis for this request: (1) deprivation of freedom of communication, association, and due process; (2) material misrepresentation; (3) denial of access to the courts; (4) lack of adequate notice; and (5) abuse of power.

This case is now before the Court for a preliminary review of the second amended complaint (Doc. 17) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Although presented as five separate arguments, Plaintiff's claims can be distilled into one general theme – he believes that Uchtman violated Plaintiff's constitutional right to access the courts by implementing the Department's policy regarding communications with Wilson.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603.

In this case, Plaintiff makes no allegation that he was prevented from preparing or filing any legal papers on his own or that he was not permitted access to the prison law library to conduct his own research. Nor does he allege that he suffered any "actual substantial prejudice" to any pending or contemplated litigation.[1]

According to the complaint and exhibits, in May 2005, a research analyst from University

---

[1] The Court notes that after exhausting his state court remedies, Petitioner filed an unsuccessful federal habeas corpus petition challenging his Cook County conviction. *See McGee v. Page*, Case No. 00-cv-8158 (N.D. Ill., filed Dec. 26, 2000).

Research Services mailed their research results to Plaintiff's mother. Thus, despite the ban imposed by the settlement agreement, it appears that Plaintiff did, in fact, receive the research services for which he paid $750, so he suffered no actual damages. Furthermore, direct communications with Wilson were not Plaintiff's only recourse in challenging his conviction. As he clearly acknowledges, his mother was not banned from communications with Wilson, and Plaintiff was not banned from communications with his mother. Thus, Uchtman's implementation of this Department policy did not impose an unconstitutional interference with Plaintiff's right of access to the courts. It follows, therefore, that Plaintiff's remaining claims – deprivation of freedom of communication, association, and due process; material misrepresentation; lack of adequate notice; and abuse of power – are also without merit.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  01/22/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge